IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL SIMMONS,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   No. 11 C 3596
MIKE ATCHISON,                      )
                                    )
        Defendant.                  )
                                    )
                                    )

### MEMORANDUM OPINION AND ORDER

Michael Simmons ("Simmons") was convicted of murder in the 2001 shooting death of Kurt Landrum, who was killed during a robbery at his home. On May 2, 2011, Simmons, who is serving a 50-year sentence for murder, filed a Petition for Writ of Habeas Corpus. Respondent[1] initially filed a motion to dismiss the petition as time-barred, but, realizing this presented a difficult question of law, subsequently moved to answer the petition to address its merits as well as the timeliness of the petition. For the reasons set forth below, Respondent's motion to dismiss, now incorporated as part of its Rule 5 answer, is denied. Additionally, I appoint counsel to represent Simmons on his claim

---

[1] Because Mike Atchison has replaced Dave Rednour as the warden of Menard Correctional Center, he is the proper respondent in this action. The Clerk is directed to correct the docket to reflect this.

of ineffective assistance related to defense counsel's failure to interview certain potential defense witnesses.

I.

As this opinion does not address the merits of Simmons' claims, the facts underlying his conviction are omitted. Respondent moves to dismiss on the basis that Simmons' petition is untimely under 28 U.S.C. § 2244(d)(1)(A), which provides for a one-year statute of limitations for the filing of habeas petitions, with the period running from the date on which the judgment became final because of the conclusion of direct review or the expiration of time for direct review.[2]  The Illinois Supreme Court denied Simmons' petition for leave to appeal his conviction on Sept. 26, 2006.  As such, his conviction became final on Dec. 26, 2006, when the time to file a petition for review with the U.S. Supreme Court expired, and his habeas petition was due on Dec. 26, 2007. *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

Simmons did not file this petition for habeas relief until May 2, 2011, which would make it untimely absent a basis for tolling.[3] Simmons, however, argues that the limitations period was tolled

---

[2] Although the statute provides four alternative dates for the start of the limitations period, there is no dispute that this is the applicable date for Simmons' petition.

[3] I note that Simmons' petition was postmarked May 24, 2011 (*see* Dkt. No. 1), but he contends that he gave it to prison staff for mailing on May 2, 2011, so I will give petitioner the benefit of the prison mailbox rule and consider it filed on that date. *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

because his "properly filed" post-conviction petition was pending in the state courts. *See* 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A state post-conviction petition filed after the limitations period has run does not reset the time for filing a habeas petition. *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005).

The issue is when Simmons' state-court post-conviction petition was filed. The trial court, in its order denying post-conviction relief, stated that it was filed on Nov. 3, 2008. This is the date reflected by the state court's file stamp.

Simmons, however, contends that he first mailed his state court post-conviction petition on June 22, 2007, and that it was pending from that date until the Illinois Supreme Court denied his motion for reconsideration of the denial of his petition for leave to appeal on Dec. 22, 2010. If this is correct, then Simmons' petition for habeas relief is timely.

Simmons has submitted three "Offender Authorization for Payment" forms from the Illinois Department of Corrections, reflecting that he was to be charged for postage and envelopes for the mailing of four copies of his post-conviction petition. The forms are dated June 22, 2007. Those amounts were withdrawn from

3

his inmate trust fund at Menard Correctional Center on June 29, 2007. (Dkt. No. 28, Exs. A-C.)

Simmons also has submitted copies of letters he sent to the Cook County Circuit Clerk checking on the status of his post-conviction petition, one dated Nov. 11, 2007, and the next dated Aug. 26, 2008. (Dkt. No. 28, Ex. E.) The certificate of service on Simmons' post-conviction petition is dated June 22, 2007, and Simmons affirmed that the information in the certificate was correct under penalty of perjury. (Dkt. No. 14, Ex A., at C 28.) The certificate was not notarized, however, because the law library at Menard Correctional Center did not notarize documents at that time. Simmons has included two signed statement from other inmates verifying this policy (Dkt. No 28, Exs. F-G), and it is reflected in the case law as well. *See, e.g., People v. Henderson*, 961 N.E.2d 407, 417-18 (Ill. App. Ct. 2011).

It is clear that Simmons attempted to file his post-conviction petition on June 22, 2007, using the standard procedures available to an inmate at Menard Correctional Center. Respondent, contends, however, that I should apply Illinois law to find that his petition was not filed until Nov. 3, 2008, and therefore his habeas petition is untimely.

At issue is whether and how the "prison mailbox" rule should apply to Simmons' state post-conviction filing. Federal courts apply the rule to provide that an inmate's pleading will be deemed

4

timely if it is given to prison officials for mailing within the limitations period. *Ray v. Schwochert*, 788 F. Supp. 2d 830, 834 (E.D. Wis. 2011)(citing *Bertrand*, 173 F.3d at 502). Federal courts do not require that a proof of service be notarized in order to take advantage of the prison mailbox rule. *See United States v. Wellman*, 830 F.2d 1453, 1467 (7th Cir. 1987)(citing 28 U.S.C. § 1746 and noting that under federal law, a declaration under penalty of perjury generally may be used in lieu of an oath before a notary). Illinois courts also apply the mailbox rule to prisoner filings, but there is some authority for the proposition that an inmate who wants to take advantage of the rule must provide an affidavit swearing to the date the papers were deposited in the prison mail system. *People v. Tlatenchi*, 909 N.E.2d 198, 207-09 (Ill. App. Ct. 2009).

Congress did not provide guidance as to the meaning of "a properly filed" application for the purposes of tolling under § 2244(d)(2). *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000). There is a split in authority as to whether the federal mailbox rule, or state law, applies to state filings for the purposes of computing the statute of limitations for a federal habeas filing. The Seventh Circuit Court of Appeals has not ruled on this issue. *See Schwochert*, 788 F. Supp. 2d at 834. The Fifth, Six, Tenth, and Eleventh Circuits have held that state law must be used to determine the filing dates for state court post-conviction

petitions. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Adams*, 223 F.3d at 1181; *Webster v. Moore*, 199 F.3d 1256, 1258–59 (11th Cir. 2000); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The rationale behind this finding is based on the structure of AEDPA, which affords great deference to state court judgments, and generally "evinces a concern for federal-state comity." *Vasquez v. Kingston*, 422 F. Supp. 2d 1006, 1008 (E.D. Wis. 2006) (citing *Webster*, 199 F.3d at 1259). In order to preserve that comity, these courts have held, the definition of "properly filed" in § 2244(d)(2) must mean properly filed according to state law, rather than federal law. *Vasquez*, 422 F. Supp. 2d at 1009.

By contrast, the Second and Ninth Circuits have held that the federal mailbox rule applies to state post-conviction filings. *See Fernandez v. Artuz*, 402 F.3d 111, 114–16 (2d Cir. 2005); *Anderson v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2003).[4] Those courts have reasoned that application of the federal mailbox rule when computing the deadline for filing a federal habeas petition has no effect on state court proceedings and "evinces no disrespect for the competence of state courts, their procedures, or the stability of state verdicts." *Fernandez*, 402

---

[4] The Ninth Circuit's position on this, however, has not been entirely consistent. *See Koerner v. Grigas*, 328 F.3d 1039, 1044 n. 1 (9th Cir. 2003)(declining to apply the prison mailbox rule to a state court filing because Nevada does not recognize the rule).

F.3d at 115 n.3. The rule already is applied to state prisoner filings in federal actions, does not impose new burdens on the state prison system, and merely allows state prisoners the full statute of limitations in order to file a federal habeas petition. *Id.*

I agree with those courts that have adopted the approach of the Second and Ninth Circuits on this question. Moreover, this case has some important differences from those cases that have declined to apply the federal mailbox rule to determine the date of filing of a state court petition for collateral relief. For example, in rejecting the application of the mailbox rule to a New Mexico filing, the Tenth Circuit in *Adams* noted that New Mexico's procedural rules, given their plain meaning, precluded the application of the mailbox rule. 223 F.3d at 1183. Similarly, in *Webster*, the Florida state court had determined that the relevant state filing was time-barred, and the Eleventh Circuit was guided by its determination that the state court's decision on this matter was due deference. 199 F.3d at 1259. By contrast, Illinois does recognize the mailbox rule and apply it to prisoner filings. Further, the Illinois courts never determined that Simmons' post-conviction petition was untimely or improperly filed, nor did they have any reason to deeply consider the issue of when it was filed.[5]

---

[5] Under Illinois law, a petitioner generally has six months from deadline for filing a petition for writ of certiorari with the United States Supreme Court on direct review to file a post-conviction petition. *People v. Marino*, 927 N.E.2d 75, 78-79

Respondent relies on *Tlatenchi*, 909 N.E.2d at 207–09, in which the First District of the Illinois Appellate Court interpreted Ill. Sup. Ct. R. 12(b)(3) to find that a motion to withdraw a guilty plea was untimely because it was not accompanied by an affidavit proving the date which it was deposited in the mail. Under Illinois law, an affidavit is a writing sworn to before an authorized person. *Id.* at 208 (citing *Roth v. Ill. Farmers Ins. Co.*, 782 N.E.2d 212, 214 (Ill. 2002)). In *Tlatenchi*, as in this case, the defendant's proof of service was verified under section 1-109 of the Illinois Code of Civil Procedure, 735 ILCS 5/1-109, which allows verification under penalty of perjury as a substitute for notarization in some circumstances. *Id.* However, the appeals court found that section 1-109 was not applicable because Rule 12(b)(3) expressly provides that service by mail is proven by an affidavit. *Id.* at 208-09; *see* Ill. Sup. Ct. R. 12(b)(3)(providing that in the case of service by mail, service is proved "by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail or delivered the paper to a third-party commercial carrier, stating the time and place of mailing or delivery, the complete address which appeared

---

(Ill. App. Ct. 2010)(citing 725 ILCS 5/122-1(c)). Simmons had until Dec. 26, 2006, to file a petition for writ of certiorari, so the six-month clock began running on that date and expired well before Nov. 3, 2008. However, the state did not raise timeliness as an affirmative defense, so the state courts never had to grapple with the issue of whether the petition was timely. *See People v. Stoecker*, 892 N.E.2d 131, 134 (Ill. App. Ct. 2008).

on the envelope or package, and the fact that proper postage or the delivery charge was prepaid.").

However, I note that the *Tlatenchi* court was not faced with a situation in which it was apparent that the defendant had no access to a notary. Further, the Second District of the Illinois Appellate Court, over a dissent citing *Tlatenchi*, recently held that a legible post-mark was sufficient proof of mailing in the absence of an affidavit. *People v. Hansen*, 952 N.E.2d 82, 87 (Ill. App. Ct. 2011). In so ruling, the *Hansen* court noted that the plain language of Rule 12(b)(3) refers to the person who deposited the papers in the mail, but an inmate cannot place anything in the mail, and must always rely on prison staff. *Id.* The court added, "We believe that refusing to allow other evidence of mailing is unreasonable when Rule 12(b)(3) makes it virtually impossible for a *pro se* defendant to comply with this rule." *Id.* Given that Illinois does apply the mailbox rule, and that under the circumstances of this case the Illinois courts might well interpret Simmons' petition as being filed on the date he submitted it to prison officials for mailing, I would be hard-pressed to find Simmons' petition untimely even if Illinois law applied to the matter.

Respondent additionally argues that applying the federal mailbox rule to Simmons' petition would be at odds with Seventh Circuit case law regarding other aspects of statutory tolling and

would read the word "pending" out of §2244(d)(2) because a petition cannot be pending until it is docketed by the state courts.

Respondent notes that the Seventh Circuit has held that in order to determine whether a post-conviction petition is "properly filed" so as to toll the limitations period under § 2244(d)(2), courts must look at whether the state courts treated the petition as properly filed. *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). The Seventh Circuit also has held that in determining when a petition is pending in state court, the federal courts may not apply legal fictions. *Fernandez v. Sternes*, 227 F.3d 977, 981 (7th Cir. 2000). In *Sternes*, the Illinois Supreme Court gave the petitioner leave to file a late notice of appeal of the denial of his post-conviction petition, and the question was how much time should be excluded for tolling purposes when the state court allows an untimely filing. *Id.* at 978–79. In affirming the district court's finding that the habeas petition was untimely filed, the Seventh Circuit found that the limitations period was not tolled during the time period in which no state process was pending or available. *Id.* at 981. Although the Supreme Court's decision to allow the late notice of appeal revived the availability of state process, it did not make the case pending in the interim. *Id.* The Seventh Circuit noted, "An untimely petition is just that: it is filed when it is filed, and was not 'pending' long before its filing." *Id.*

10

Unlike in *Sternes*, this is not a situation which requires the creation of a legal fiction (other than the well-established prison mailbox rule) in order to find that Simmons' petition was properly filed on June 22, 2007, and was pending thereafter. I note that the Second Circuit in *Fernandez* rejected the argument that a petition cannot be pending until the state court has received it, holding that the term "properly filed" in § 2244(d)(2) marks the beginning of the statutory tolling period, which ends when the petition is no longer "pending" because the state court has ruled on it. 402 F.3d at 116. Based on the documentation provided, Simmons submitted his petition for post-conviction relief for mailing on June 22, 2007. He repeatedly followed up with the court when it appeared the petition had not been acted upon. Given his incarceration status, it is not clear what else he could have done. Because he is entitled to the benefit of the prison mailbox rule, his habeas petition is timely. Respondent's motion to dismiss is denied.

## II.

In his initial habeas petition, Simmons argued that trial counsel was ineffective for: (1) failing to interview or call potentially exculpatory witnesses; (2) failing to move to have his statement suppressed; (3) interfering with his right to testify; and (4) failing to file a motion in limine to bar reference to his refusal to provide a DNA sample. He also argued that his appellate counsel was ineffective for failing to raise these issues on direct

11

appeal. After Respondent filed his answer, arguing that certain of these claims were procedurally defaulted, Simmons filed a motion to amend his petition. (Dkt. No. 38). In it, Simmons agrees that he procedurally defaulted his claim as to the motion in limine and as to the alleged ineffectiveness of his appellate counsel. He states that he is aware that habeas review is limited to one petition, and he does not wish to pursue these claims now or in the future. On the basis of these statements, Simmons' motion to amend is granted. Simmons' remaining claims are the three claims of ineffective assistance against his trial counsel. After reviewing these fully briefed claims, I appoint counsel to represent Simmons in regard to his claim that trial counsel was ineffective for failing to interview or investigate potentially exculpatory witnesses. *See* 18 U.S.C. § 3006A(2).

## VI.

For the reasons stated herein, Respondent's motion to dismiss the petition as untimely, incorporated as part of his Rule 5 answer (Dkt. No. 33) is denied. Respondent's original motion to dismiss, which was superseded by his answer (Dkt. No. 13) is denied as moot.

Simmons' Motion to Amend (Dkt. No. 38) is granted. I appoint counsel to represent Simmons on his claim of ineffective assistance in regard to trial counsel's failure to interview certain witnesses, and set a status for Aug. 10, 2012, at 9:30 a.m.

Finally, because Mike Atchison has replaced Dave Rednour as the warden of Menard Correctional Center, the Clerk is directed to correct the docket to reflect that Atchison is the respondent in this matter.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: July 23, 2012

13